IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DAVID N. NELSON, a citizen )
and resident of Knox County, Tennessee, )
         Plaintiff, )
v. ) No.
)
LIFE INSURANCE COMPANY OF )
NORTH AMERICA, d/b/a CIGNA GROUP )
INSURANCE, and PHYSIOTHERAPY )
ASSOCIATES, INC., )
         Defendants. )

## COMPLAINT

Comes now the Plaintiff, David N. Nelson, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, David N. Nelson, is a citizen and resident of Blount County, Tennessee.

2. The Defendant, Life Insurance Company of North America (LINA), d/b/a Cigna Group Insurance, is an insurance company with its principal place of business in Philadelphia, PA, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times Defendant, LINA, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. The Defendant, Physiotherapy Associates, Inc. is a company duly organized

under the laws of Michigan, with its principal place of business at 855 Springdale Dr., Suite 200, Exton, PA, 19341. Physiotherapy Associates, Inc. may be served with process through its registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, TN, 37203. At all material times Defendant, Physiotherapy Associates, Inc., acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for his Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7)

8. The Defendant Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

9. The Defendant, LINA, d/b/a Cigna Group Insurance, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

10. The Defendant, Physiotherapy Associates, Inc., is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A)

which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

FACTS

11. At all times material, Plaintiff worked for Defendant Physiotherapy Associates, Inc.

12. Plaintiff developed certain physical conditions, including osteoarthritis, persistent back and leg pain, anxiety, and depression, that made it difficult for him to work, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

13. In or about April 2102, Plaintiff ceased working due to a long term disability and submitted a claim to Defendant LINA for long term disability benefits.

14. On July 16, 2012, Defendant LINA denied Plaintiff's application for LTD benefits.

15. Plaintiff was approved for Social Security Disability on or about February 4, 2013, finding that he became disabled under the Rules of the Social Security Administration on or about April 17, 2012.

16. On November 30, 2012, the Plaintiff appealed the July 16, 2012 denial to LINA with supporting evidence.

17. On January 15, 2013, the Defendant LINA wrote the Plaintiff acknowledging receipt of the November 30, 2012 appeal and approving Plaintiff for a closed period of disability from July 16, 2012 through August 28, 2012.

18. The January 15, 2013 letter from Defendant LINA stated it was Plaintiff's duty to provide any further information supporting the appeal by February 5, 2013 to the Cigna Group Insurance Disability Appeals Team.

19. On January 25, 2013, Plaintiff wrote to Defendant LINA providing additional evidence and requesting a small extension to provide more evidence.

20. On January 28, 2013, Plaintiff wrote to Defendant LINA providing additional evidence.

21. On February 4, 2013, Plaintiff wrote to Defendant LINA providing additional evidence.

22. On February 14, 2013, Plaintiff wrote to Defendant LINA providing additional evidence.

23. Plaintiff never received a letter indicating that his appeal had been denied.

24. On or about March 4, 2013, Plaintiff received a letter from LINA indicating that the long term disability claim was closed pursuant to a letter dated July 16, 2012.

25. On March 12, 2013, Plaintiff wrote to LINA to reconcile the inconsistent communications he received about the pendency of an appeal and then subsequently that the file had been closed.

26. Defendants' decision to deny Plaintiff long term disability benefits under the Policy was arbitrary and capricious.

27. Defendants have failed to provide long term disability benefits due Plaintiff under the Policy.

28. Defendants have failed to discharge their fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

C. Order Defendants to pay Plaintiff back benefits due under the Policy.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of his suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this 5th day of June, 2013.

John P. Dreiser (BPR #020743)
Tony Farmer (BPR# 1865)
Attorneys for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211